UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RVRG HOLDINGS LLC,

Plaintiff,

-v.-

DUCHAT NIA et al.,

Defendants.

24 Civ. 6052 (JHR)

DEFAULT JUDGMENT

JENNIFER H. REARDEN, District Judge:

Plaintiff RVRG Holdings LLC filed the Complaint in this action on August 9, 2024, alleging trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and unfair competition under New York common law, in connection with Plaintiff's Rhude Marks and Products. ECF No. 8. Plaintiff attempted service on Defendants Duchat Nia, Schnupfeld, Xiangyangshichenluxing, and suiningxianlongrongzhenzhidian (collectively, "Defaulting Defendants") pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague"), but ultimately these service attempts proved unsuccessful. *See* ECF Nos. 41, 48, 51, and 54 (letters regarding status of attempted Hague service). On August 31, 2025, the Court authorized alternative service, using the methods identified in the Preliminary Injunction Order (the "PI Order"), ECF No. 19, for the purpose of seeking a default judgment against the Defaulting Defendants. *See* ECF No. 55. Plaintiff served the Defaulting Defendants on September 2, 2025. *See* ECF No. 56. The Defaulting Defendants' answers were therefore due on September 23, 2025. *Id.*; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). The Defaulting Defendants have not responded to the Complaint.

Upon Plaintiff's application, ECF Nos. 59-60, on October 9, 2025, the Clerk of Court issued a certificate of default as to the Defaulting Defendants, ECF No. 61. Also on October 9, 2025, Plaintiff moved for a default judgment, ECF No. 62, and filed an affidavit, memorandum of law, and proposed judgment, ECF Nos. 63-65. Plaintiff served her motion papers on the Defaulting Defendants pursuant to the alternative methods of service authorized by the PI Order. ECF No. 66. The Defaulting Defendants did not oppose the motion.

On November 26, 2025, the Court directed the Defaulting Defendants to enter an appearance by December 5, 2025 and, by December 9, 2025, to file an opposition explaining why a default judgment was not warranted. ECF No. 67. Plaintiff served the Court's Order on the Defaulting Defendants on December 1, 2025. ECF No. 68. The Defaulting Defendants have not opposed the motion or otherwise appeared.

The Court has reviewed Plaintiff's motion for a default judgment and supporting submissions. ECF Nos. 62-65. Because proof of service has been filed; Defaulting Defendants have failed to respond to the Complaint; the time for doing so has expired; and Defaulting Defendants have failed to appear to contest the entry of a default judgment, the Court hereby enters a default judgment for Plaintiff against Defaulting Defendants, with any declaratory, injunctive, compensatory relief, as well as any costs, interest, and attorneys' fees, to be determined at an inquest. *See Yong Xu v. Kealoha Sushi Inc.*, No. 19 Civ. 11885 (PAE), 2021 WL 1753749, at *1 (S.D.N.Y. May 4, 2021) (granting default judgment).

By separate Order, the Court will refer this case to Magistrate Judge Stewart D. Aaron for an inquest. By **September 14, 2026**, Plaintiff shall serve this Order upon Defaulting Defendants and file an affidavit reflecting such service.

The Clerk of Court is directed to terminate ECF No. 62.

SO ORDERED.

Dated: September 8, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge