**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **RVRG Holdings LLC,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**Duchat Nia, et al.,**<br><br>**Defendants.** | **1:24-cv-06052 (JHR) (SDA)**<br><br>**ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

On September 8, 2026, Judge Rearden entered a default judgment in favor of Plaintiff against Duchat Nia, Schnupfeld, Xiangyangshichenluxing and suiningxianlongrongzhenzhidian (collectively, "Defaulting Defendants"). (9/8/26 Order, ECF No. 69.) Thereafter, Judge Rearden referred this case to me for an inquest. (Order of Reference, ECF No. 70.)

It is hereby ORDERED that Plaintiff shall file its submission regarding the referred inquest no later than Thursday, October 15, 2026. Plaintiff's submission shall include the elements of each asserted cause of action and shall demonstrate how Plaintiff's allegations establish the Defaulting Defendants' liability as to each.[1] *See, e.g., LG Capital Funding, LLC v. FLASR, Inc.*, 422 F. Supp. 3d 611, 623 (E.D.N.Y. 2018) ("With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to

[1] In making its submission, Plaintiff may incorporate by reference portions of previous filings. Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended and the nature of the work performed. Counsel should also provide the number of years they have been admitted to the bar and their hourly rate. Finally, the Conclusions of Law shall include a paragraph or paragraphs setting forth the legal basis for any requested award of attorneys' fees, including why, if applicable, the number of attorneys involved are entitled to fees.

demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").

The Court hereby notifies the parties that it may conduct the damages inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

It is further Ordered that, no later than Thursday, October 15, 2026, Plaintiff shall serve its submission, along with a copy of this Order, on Defaulting Defendants, and file proof of service to the docket. Defaulting Defendants shall send to Plaintiff's counsel and file with the Court their responses, if any, to Plaintiff's submissions no later than Monday, November 16, 2026.

**SO ORDERED.**

Dated: New York, New York
September 10, 2026

Stewart d. Aaron

STEWART D. AARON
United States Magistrate Judge